**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

TIMOTHY MILLHOLLAND,
ADC #500108                                                                                    PLAINTIFF

V.                           CASE NO. 2:16-CV-00001 DPM/BD

JEFFERY T. DEER, et al.                                                                  DEFENDANTS

**RECOMMENDED DISPOSITION**

**I.      Procedure for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Judge D. P. Marshall Jr.  You may file written objections to this Recommendation.  If you file objections, they must be specific and must include the factual or legal basis for your objection.

Your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Marshall can adopt this Recommendation without independently reviewing the record.  By not objecting, you may also waive any right to appeal questions of fact.

**II.     Discussion:**

Timothy Millholland, an inmate at the East Arkansas Regional Unit of the Arkansas Department of Corrections ("ADC"), filed this lawsuit pro se and is proceeding *in forma pauperis*.  (Docket entries #1 and #2)  Mr. Millholland claims that Defendants

subjected him to cruel and unusual punishment, in violation of the Eighth Amendment and that they violated his right to due process.

In his complaint, Mr. Millholland alleges that on September 2, 2015, contraband was discovered in his living quarters, and he was erroneously charged with multiple charges rather than one charge, in violation of ADC policy. (#2) As a result of his disciplinary conviction, Mr. Millholland was sentenced to punitive isolation for thirty days. He complains that he did not have a mattress in his cell for 14-16 hours a day during his time in punitive isolation, which caused him to suffer physical pain, as well as mental and emotional distress. (#2)

  A.  Eighth Amendment Claim

The Constitution requires that prisoners be housed in a humane manner, but it "does not mandate comfortable prisons" or that prisoners be "free of discomfort." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). Under settled law, only "extreme deprivations" that deny "the minimal civilized measure of life's necessities are sufficiently grave to form the basis" of an eighth amendment claim. *Hudson v. McMillian,* 503 U.S. 1, 9 (1992).

Mr. Millholland complains that he was denied a mattress during the day while he was in punitive isolation. Even if true, this allegation does not state a federal claim to relief because prisoners do not have an absolute right to be placed in a cell with bedding. *Williams v. Delo*, 49 F.3d 442, 446 (8th Cir. 1995) (citing *Johnson v. Boreari,* 946 F.2d

67, 71 (8th Cir. 1991)); see also, *O'Leary v. Iowa State Men's Reformatory*, 79 F.3d 82, 83-84 (8th Cir. 1996) (four days without underwear, blankets, mattress, exercise, and visits not a constitutional violation); *Williams*, 49 F.3d at 444 (four days without clothes, mattress, running water, bedding, mail, hot food, and hygienic supplies not a constitutional violation). Accordingly, Mr. Millholland's conditions-of-confinement claim should be dismissed.

      B.     Denial of Due Process Claim

Mr. Millholland claims that his placement in punitive isolation improperly interfered with his liberty interest guaranteed by the due process clause of the Constitution. His assignment to punitive isolation for a thirty days under the circumstances he sets out in his complaint cannot support a due process claim, even if his assignment resulted in a temporary suspension of privileges. This is because a prisoner's liberty interests are limited to freedom from restraint that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," or to actions which "inevitably affect the duration of [a prisoner's] sentence." *Sandin v. Conner*, 515 U.S. 472, 487, 115 S.Ct. 2293 (1995). Punitive isolation is not considered an "atypical and significant" hardship so as to trigger a liberty interest and, thus, due process protection. *Portley–El v. Brill*, 288 F.3d 1063, 1065–66 (8th Cir.2002) (holding that thirty days in punitive segregation was not an atypical and significant hardship under *Sandin*).

  C. Failure to follow ADC policy

Mr. Millholland complains that the Defendants did not follow ADC policy when they charged him with three counts for possessing various types of contraband. (#2) Even if Defendants charged Mr. Millholland with disciplinary violations in contravention of ADC policy, their conduct did not violated the Constitution. Prisoners do not have a constitutional right to enforce compliance with internal prison rules or regulations. See *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003); *Gardner v. Howard,* 109 F.3d 427, 430 (8th Cir.1997); *Kennedy v. Blankenship,* 100 F.3d 640, 643 (8th Cir.1996).

**III.** **Conclusion:**

The Court recommends that Mr. Millholand's claims be DISMISSED, without prejudice.

DATED this 15th day of January, 2016.

               _____
               UNITED STATES MAGISTRATE JUDGE